## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### BENJAMIN & CO. *v.* MADDEN.

December 3, 1896.

1. FRAUD PER SE—*Retention of personal property after sale—Presumption— Case at bar—Sec. 2877 of Code.*—The retention of the possession of personal property by the vendor after an absolute sale is *prima facie* fraudulent against *creditors* of the vendor, though not as against a *subsequent purchaser* for value, without notice of the prior sale, but this presumption may be rebutted by proof. In the case at bar there was a *bona fide* sale for value of a stock of goods, and delivery of possession, and the facts that the vendor did not transfer his license to the vendee before levy on the stock ; that the name of the vendor upon the window shades, which had consituted his only sign, remained as before ; and that the vendor and his former clerk remained in the store and sold goods, do not, in view of other evidence in the cause, establish a case of fraud upon creditors of the vendor. Nor, under the admitted facts, does Section 2877 of the Code apply.

Error to a judgment of the Corporation Court of the city of Norfolk, rendered February 16, 1894, on a motion to try the claim to certain personal property, wherein the plaintiffs in error were the plaintiffs, and the defendants in error were the defendants.

*Affirmed.*

The plaintiffs in error, being execution creditors of M. Madden, caused their *fi. fa.* to be levied on the stock of goods and certain store fixtures in the city of Norfolk. The property levied on was claimed by M. E. Madden and an indemnifying bond required, which was immediately given. Thereupon M. E. Madden gave a suspending bond with condition as required by law, and a delivery bond with condition to

have the property forthcoming on the day of sale. The plaintiffs then filed their petition in the Corporation Court of the city of Norfolk, praying that M. E. Madden be summoned before the court on a day named "and that the claims to the said property may be adjudicated." The printed record does not disclose any pleadings except the petition above mentioned. The following is a statement of the facts agreed between the parties:

Facts agreed by counsel on both sides.

1. "That M. Madden conducted the business of haberdasher at No. 210 Main street, in the city of Norfolk, Virginia, for about two years prior to the date of the bill of sale to M. E. Madden.

2. "That the sign at his place of business has always been upon his window shades in these words: 'M. Madden—The Haberdasher;' that this sign remained unchanged until after the writ of *fieri facias* was levied in this cause; and there was no other sign.

3. "That M. Madden and Alex. Byrd, have been in the store, selling goods, ever since the day of the bill of sale, but in what capacity petitioners are not informed, and that Alex. Byrd had been employed as clerk by M. Madden about one year prior to the date of the bill of sale.

4. "That the license to conduct the business at No. 210 Main street, continued in the name of M. Madden, until after the levy made in this case.

5. "That Michael Madden sold and conveyed to Mary E. Madden, the stock of goods in the store No. 210 Main street, on the 13th day of July, 1893, by bill of sale duly recorded, a copy of which is herewith filed, and the petitioner knows of no ground on which it can now be attacked, except such, if there be any, now apparent on the face of the record of this case, and that the said Mary E. Madden took possession of the stock of goods on the 13th day of July, 1893.

6. "That the debt of the petitioner was all contracted

prior to the 13th day of July, 1893, as per bill filed herewith.

7. "That M. E. Madden advertised in the Norfolk *Landmark* on the 18th day of July, 1893, her purchase of the stock, and that she would carry on the business in her own name and for her own account, and she files herewith a certified copy of that advertisement."

The parties waived a jury, and submitted the matter to the court, which rendered the judgment to which this writ of error was awarded. The judgment was as follows:

"Upon the petition of Alfred Benjamin & Co., the plaintiffs in this proceeding, filed in this case on the 2d day of January, 1894, praying that Mary E. Madden might be summoned before this court, and that the claims to the property levied on by the said plaintiffs might be adjudicated, and the said Mary E. Madden having appeared, and the jury waived, and the whole matter of law and fact submitted to the court, was argued by counsel. On consideration whereof, the court is of opinion, upon the pleadings and the statement of agreed facts filed in the case, that the property levied on under the *fieri facias*, in the proceedings mentioned, was and is the property of the said Mary E. Madden, and not liable to the lien of the said execution, and therefore it is adjudged and ordered that the said property be discharged from the said levy, and that the said Mary E. Madden do recover of the plaintiffs her costs by her about this proceeding expended.

"Whereupon the said Alfred Benjamin & Co., the petitioners aforesaid, moved the court to set aside the foregoing order, grant a rehearing of said petition, which motion being overruled, the petitioners excepted."

*Cole & Shultice*, for the plaintiffs in error.

*R. H. Baker & Son*, for the defendant in error.

RIELY, J., delivered the opinion of the court.

The retention of the possession of personal property by the vendor after an absolute sale is *prima facie* fraudulent as against creditors of the vendor; but such presumption may be rebutted by proof. *Davis* v. *Turner*, 4 Gratt. 422.

A different rule, however, seems to prevail in the case of a subsequent purchaser who has parted with his money in the acquisition of the specific property on the faith of the vendor's possession and apparent ownership, without notice of the right of the first purchaser, whose conduct has enabled the vendor to make the subsequent sale. *Davis* v. *Turner, supra;* and *Glasscock* v. *Batton*, 6 Ran. 78.

The controversy in this case is between the vendee and an execution creditor of the vendor. At the trial, the parties waived a jury, and submitted the case upon an agreed statement of the facts to the decision of the court, which gave judgment in favor of the vendee.

The plaintiffs in error rely mainly for the reversal of the judgment of the Corporation Court upon the presumption of fraud, which the law infers from the retention by the vendor of the possession of personal property after its sale.

Michael Madden carried on the business of haberdasher at No. 210 Main street, in the city of Norfolk, for about two years prior to July 13, 1893. It is admitted by the agreement of facts that he sold and conveyed on that day his stock of goods to Mary E. Madden, and that she thereupon took possession of them. The admission, as facts in the case, of the sale and delivery of the goods into the possession of the vendee without any evidence or statement in the record of the restoration of their possession to the vendor, refutes the claim of a retention of the possession by the vendor, and removes that ground for the presumption of fraud.

It appears that the bill of sale, after being signed and acknowledged by the vendor, was recorded in the clerk's office of the Corporation Court, and the agreed facts further admit that Mary E. Madden advertised in the Norfolk *Landmark*,

a daily newspaper published in the city of Norfolk, from July 18 to July 25, 1893, that she had purchased from Michael Madden his stock of goods at No. 210 Main street, and would continue the business in her own name and on her own account.

The bill of sale, which was made a part of the agreement of facts, shows that the consideration paid by Mary E. Madden to Michael Madden for his stock of goods, fixtures, and furniture in the said store was $2,850, and that she assumed also the payment of a note for $500, which she had endorsed for him, and which he had had discounted in the Citizens Bank for his own benefit.

The facts relied on by the plaintiffs in error to render the goods liable to the levy of their execution are that the license of the vendor was not transferred to the vendee prior to the levy of the execution; that the name of the vendor upon the window shades, which had constituted his only sign, remained as before; and that he and one Alex. Byrd, who had been employed by him as clerk for about a year prior to the sale to Mary E. Madden, remained in the store and sold goods, but in what capacity they did so, plaintiffs in error stated that they were not informed. If she was in possession of the goods as the owner thereof, as is conceded by the statement of facts, then they could only be in the store as her subordinates, her clerks or salesmen.

The facts thus relied on do not prove a retention of the possession of the goods by the vendor after the sale, nor do they invalidate the sale, in the face of the admission that Mary E. Madden bought the goods and took possession of them at the time of her purchase, and the further admission by the plaintiffs in error that they knew of no ground on which the sale could be attacked except such, if any there were, as was apparent on the face of the record of the case. They did not establish the possession in Michael Madden, or any different possession, control, or management in him from

that in his former clerk, Alex. Byrd; nor that there was any lack of fairness and good faith in the sale to Mary E. Madden. Consequently, the principle of law invoked by the plaintiffs in error in support of their claim to subject the goods to the payment of their execution does not apply, and the property was not liable.

Nor does section 2877 of the Code, which was also relied on, apply to the case. The agreed facts do not show that Michael Madden at any time, in the store at No. 210 Main street, in the city of Norfolk, transacted the business of haberdasher, with the addition of the words "factor," "agent," "and company," or "and Co.;" nor that he transacted such business there in his own name, without such additions, after the sale to Mary E. Madden. In order to bring this particular case within the statute, the burden was on the attacking creditor to prove that Michael Madden transacted the business as the *trader* in his own name after the sale. The agreement of facts, instead of such proof, contains, on the contrary, the distinct admission by the plaintiffs in error that they were not informed in what capacity he was in the store after the sale, but simply that he and Byrd, who had been his clerk, were there selling goods. It could not be inferred from this ambiguous act, with any sort of propriety, in order to establish fraud, that Michael Madden transacted the business of haberdasher in his own name after the sale to Mary E. Madden; and especially in view of the admission of the sale and delivery of the goods into her possession, without any evidence of a subsequent restoration of their possession to him, and of the public recordation of the bill of sale and her advertisement in the city paper, so as to give the utmost publicity to the transaction, of the fact of her purchase of the goods and of her purpose to continue the business in her own name and on her own account.

The sale, so far as the record discloses, was perfectly fair and *bona fide*, without any purpose to defeat the rights of the

plaintiffs in error, who, in point of fact, were not in any wise misled, deceived, or defrauded by what occurred, since their debt was all contracted prior to the sale of the goods by Michael Madden to Mary E. Madden.

The judgment of the Corporation Court must be affirmed.

*Affirmed.*